## COCHRAN v COWAN, Exr.

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9873. Decided June 17, 1929

George E. Beach, Cleveland, for Cochran.
Paul Howland, Cleveland, for Cowan.

Judges WILLIAMS (6th Dist) and HUGHES & JUSTICE, (3rd Dist) sitting

WILLIAMS, J.

It is claimed, however, that the four notes were altered by the decedent by inserting therein 7 per cent as the rate of interest without the assent of the plaintiff. This alteration was a material one and avoided the instruments altered under the provisions of 8229 GC. Although the four notes had been avoided, the indebtedness evidenced thereby had not been satisfied. Both the plaintiff and defendant are seeking relief in this action from a court of equity and the trial court was justified by the evidence in finding therefrom that the plaintiff was indebted to said decedent's estate as shown by the four notes in the sum of $2115.94, which amount includes interest at 6 per cent per annum after

maturity, and that the A. S. Neale note and mortgage were delivered to the decedent as collateral security, and that the defendant has a lien on the Neale note and mortgage to secure the payment of said sum of $2115.94.

The trial court was not only justified by the evidence in rendering the decree which was rendered in that court, but upon the principles of equity the plaintiff cannot insist that the collateral note and mortgage be delivered to him without doing equity under the written agreement between the plaintiff and the decedent, and the money derived from the A. S. Neale note and mortgage should be applied upon the indebtedness evidenced by the four notes heretofore referred to. In other words, before the plaintiff could receive the A. S. Neale note and mortgage held as collateral, or the proceeds thereof, there must be paid from such proceeds or by the plaintiff the amount which he owes decedent's estate, under the equitable maxim: "He who seeks equity must do equity". The finding of the court below on the cross-petition was strictly in accordance with the principles of equity.

We find that there is no error apparent on the face of the record prejudical to plaintiff in error and that substantial justice has been done between the parties.

The judgment will therefore be affirmed.
Hughes and Justice, JJ, concur.